UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>KENYETTA L. JOHNSON<br><br>xxx-xx-0634<br><br>Debtor. | :CHAPTER 13<br><br>: CASE NO. 25-11839-PMM |
| Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for ShoreBreak NPL Trust<br><br>Movant,<br>v.<br><br>KENYETTA L. JOHNSON<br>Debtor,<br>And<br><br>KENNETH E. WEST<br>Trustee,<br><br>Respondents. | : Hearing Date: September 10, 2025 at 1:00 PM |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT MOVANT TO EXERCISE ITS RIGHTS UNDER STATE LAW AGAINST CERTAIN REALTY KNOWN AS 622 ROSE STREET, YEADON, (LANSDOWNE), PA 19050

Movant, by its Attorneys, Romano Garubo & Argentieri, Emmanuel J. Argentieri, Esquire appearing, hereby requests a modification of the automatic stay and leave so it can exercise its rights under state law against certain realty and avers as follows:

1. Movant is Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee for ShoreBreak NPL Trust, (hereinafter "Movant").

2. On June 30, 2006, Kenyetta L. Johnson executed a Mortgage against the property known as 622 Rose Street, Yeadon, (Lansdowne), PA 19050, ("Subject Property") in which the Debtor is the title holder. **See attached loan document trial, attached hereto.**

3. Debtor's Chapter 13 petition was filed May 9, 2025. Debtor's monthly post-petition payment amount was $990.75.

4. Debtor should have made (3) payments outside of the plan since the date of filing petition.

5. Since the date of filing, Debtor only made (0) full post-petition mortgage payments to Movant.

6. Debtor is behind (3) payments outside the plan, through the payment due August 1, 2025.

7. The total amount of delinquency outside the plan is $ 2,972.25
The amount is computed in the following manner:

3 times payment of $990.75 (06/01/2025 – 08/01/2025),

Each Monthly Payment is comprised of:
Principal and Interest........$568.77
Escrow............................$421.98
TOTAL............................$990.75

8. Pursuant to the foregoing, Movant is entitled to relief from the automatic stay due to the foregoing default and because:

(a) Adequate protection of the interest of Movant is lacking; and

(b) The collateral is not and cannot be a part of an effective reorganization.

Accordingly, Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1) and/or (2).

9. Movant has cause to have the Automatic Stay modified as to permit Movant to commence foreclosure on its mortgage.

10. Movant has had to incur legal fees as a result of the prosecution of this Motion.

11. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen-day period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen-day period.

12. The other Respondent is the Chapter 13 Trustee appointed in the above-captioned chapter 13 proceeding.

WHEREFORE, Movant respectfully requests that the Court enter an Order which grants it relief from the Automatic Stay, along with all other relief the Court deems just and equitable under the circumstances.

Dated: August 19, 2025

By:/s/EMMANUEL J. ARGENTIERI
EMMANUEL J. ARGENTIERI

PA ATTORNEY ID NO. 59264
Attorneys for: Movant

ROMANO GARUBO & ARGENTIERI
Emmanuel J. Argentieri, Esquire/59264
52 Newton Avenue, P.O. Box 456
Woodbury, New Jersey 08096
(856) 384-1515
eargentieri@rgalegal.com